IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GEORGE EDWARD FROSCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:16-CV-174-D |
| | § | |
| MARSHA MOBERLY, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS CIVIL RIGHTS COMPLAINT**

Plaintiff GEORGE EDWARD FROSCH, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis. For the following reasons, plaintiff's civil rights complaint should be DISMISSED.

I.
JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25 (1992).

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## II.
## PLAINTIFF'S CLAIMS

Plaintiff seeks immediate release from custody through the approval of his prior parole application.

Plaintiff sues defendants Marsha Moberly, Charles Shipman, and Jim Lafavors ("the parole panel"), who are a TDCJ Parole Board member and two TDCJ parole commissioners, for the denial of his 2016 request for parole. Plaintiff's sole basis for challenging the denial of parole is that the parole panel is comprised of members located in Amarillo, Texas, but plaintiff was housed on the Middleton Unit of TDCJ at the time of his parole application, outside of the parole panel's jurisdiction to render a decision on parole. Thus, plaintiff argues only a parole panel comprised of members located in the same geographic region where he was housed at the time of the parole decision can decide his parole suitability. However, plaintiff cites no authority for the

---

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

jurisdiction of a parole panel in Texas. Further, plaintiff argues that the parole panel placed letters concerning his litigation activity in his parole consideration file. Plaintiff did not attach these "letters" to his complaint but alleges that the parole panel defendants wrote notes or "letters" regarding past lawsuits filed by the plaintiff and put these notations in his parole file for future reviewing panels to see. Plaintiff appears to suggest that these "letters" could affect his ability to secure parole in the future. Thus, as a *pro se* plaintiff, the Court will liberally construe these claims as a retaliation claim, against his exercise of the right to access the courts.

## III.
## THE LAW AND ANALYSIS

As plaintiff is requesting immediate release from custody through parole as his sole relief, his claims are foreclosed by *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Plaintiff must seek such relief through habeas. *Wolff v. McDonnell*, 418 U.S. 538 (1973). However, this Court notes that plaintiff previously filed suit in Case No. 2:12-CV-224-J-BB, also in the Northern District of Texas, Amarillo Division. In that case, plaintiff sued these same three defendants for a previous parole denial and was admonished that such claims must be brought in a habeas petition, yet plaintiff continued to pursue relief pursuant to section 1983 in that case and again in this suit. The propriety of pursuing section 1983 litigation without first seeking habeas relief cannot be determined solely based on relief nominally sought. *See Johnson v. Hardy*, 601 F.2d 172, 173 (5th Cir. 1979); *see also Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983). Thus, the Court further considers plaintiff's claims.

Plaintiff's claim that the parole board lacked jurisdiction to deny his parole based on the locality of the parole board in question lacks an arguable basis in law. Parole Board standards in deciding parole applications are of concern only where arbitrary action results in the denial of

constitutionally protected liberty or property interests. *See Craft v. Texas Board of Pardons and Paroles*, 550 F.2d 1054 (5th Cir. 1977). The expectancy of release upon parole is not such an interest. *See Shaw v. Briscoe*, 541 F.2d 489 (5th Cir. 1976); *see also Brown v. Lundgren*, 528 F.2d 1050 (5th Cir. 1976); *Cruz v. Skelton*, 543 F.2d 86 (5th Cir. 1976).

Additionally, parole panels in Texas have the authority to render parole decisions on any eligible Texas prisoner. "In all other matters of parole and mandatory supervision and revocation of parole and mandatory supervision, three-member parole panels are parole decision-makers. A parole panel may consider <u>any eligible offender</u> for release and, upon a majority vote of the panel may approve or deny release to supervision." Tex. Admin. Code § 145.1(b) (emphasis added). Plaintiff has failed to cite to any authority that disallows a parole panel to render a decision based on geographic location of an inmate. The Court finds no such limitation of authority exists. Thus, plaintiff's claim regarding the jurisdiction of the parole panel is frivolous and should be dismissed.

The Fifth Circuit has held that where a plaintiff brings a section 1983 lawsuit alleging parole denial in retaliation for exercising the constitutional right of access to the courts, a plaintiff must state a claim that establishes more than his own assumption that the denial of parole was based on plaintiff's exercise of the constitutionally protected behavior (filing a lawsuit). *See Hilliard v. Board of Pardons and Paroles*, 759 F.2d 1190 (5th Cir. 1985). Here, plaintiff has not pointed to any pre-hearing records that established such "letters" regarding his litigation activity were considered in the denial of his parole. Thus, plaintiff has failed to allege any retaliation occurred.

Even if plaintiff had stated a claim for retaliation, these defendants enjoy absolute immunity from section 1983 damages. *See Serio v. Members of Louisiana State Bd. Of Pardons*, 821 F.2d 1112, 1114 (5th Cir. 1987). Parole officials cannot be held "personally liable for money damages" because they are "absolutely immune from liability for damages in a § 1983 action," regardless of whether defendants are sued in their individual or official capacities. *Id*. (citing *Hilliard*, 759 F.2d at 1193-94). Even if plaintiff's claims of retaliation are true, they must be brought pursuant to habeas corpus relief. This is because the only possible relief for such claims (a new parole hearing or release) is foreclosed under section 1983 due to defendants' entitlement to absolute immunity. *Id*. at 1114-1115. Plaintiff challenges a "single allegedly deficient [parole] hearing;" therefore, he can only pursue his claims through habeas corpus with its attendant exhaustion of state remedies requirement. *Id*. at 1119. Plaintiff has not pleaded, nor shown, that "letters" placed in his parole file affected a parole determination; even if plaintiff did plead such facts, he would still need to bring his claims in state court first and then proceed with a habeas application regarding the denial of parole.

Plaintiff's claim that the parole panel lacked jurisdiction to deny him parole lacks an arguable basis in law and is frivolous. *See Neitzke v. Williams*, 490 U.S. 319 (1989). Further, plaintiff's claim that the parole panel placed "letters" in his file concerning his litigation activities in retaliation for his right to access the courts is barred by immunity.[3] Thus, plaintiff's claims against Moberly, Shipman, and LaFavors should be dismissed with prejudice.

---

[3] The Court recognizes that plaintiff has not specifically sued for damages, only for immediate release. However, as the Court has liberally construed plaintiff's complaint to encompass a claim for retaliation for exercising his right to access the courts, the Court will consider whether, if plaintiff amended his claim to add monetary damages as requested relief for this alleged infraction, plaintiff's amendment would be futile considering defendants' immunity from suit under section 1983.

IV.
RECOMMENDATION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the District Judge that the Civil Rights Complaint by plaintiff GEORGE EDWARD FROSCH filed pursuant to Title 42, United States Code, section 1983 be DISMISSED WITH PREJUDICE AS FRIVOLOUS and as BARRED BY IMMUNITY. This dismissal should count as a strike pursuant to Title 28, United States Code, section 1915(g).

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on March 6, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

*NOTICE OF RIGHT TO OBJECT*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).